UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-9 (SRN/LIB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Pine County Ambulance Service, Individual and Official Capacity; Unknown EMS-Pine County, Individual and Official Capacity; and Pine City, MN, Individual and Official Capacity, | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge pursuant to a general assignment made in accordance with the provision of 28 U.S.C. § 636, and upon the Plaintiff James Paul Aery's Application to Proceed in District Court Without Prepaying Fees or Costs (IFP Application [Docket No. 2]).

Plaintiff, a prisoner, alleges that unknown emergency medical responders used excessive force against him and deprived him of property without due process of law. Based on those allegations, Plaintiff brings claims under 42 U.S.C. § 1983 against the John Doe medical personnel; Pine County, Minnesota; and the Pine County Ambulance Service.

Because Plaintiff is a prisoner, his Complaint is subject to preservice review under 28 U.S.C. § 1915A, which provides "[t]he court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity."[1] Section 1915A further provides:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint —
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. See, Aten v. Scottsdale Ins. Co., 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). That said, the complaint still must "state a claim to relief that is plausible on its face," Id. at 570, and in assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. See, Ashcroft v. Iqbal, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but the pleading must nevertheless allege sufficient facts to support the claims advanced. See, Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004).

The Court first addresses the claims brought by Plaintiff against Pine County. A municipality may be found liable under § 1983 only "for its own torts, not the torts of its employees." Soltesz v. Rushmore Plaza Civic Center, 847 F.3d 941, 947 (8th Cir. 2017) (citing Monell v. Dep't of Social Services, 436 U.S. 658, 690–91 (1978)). Only when the governmental entity itself is alleged to have violated the law—for example, through the perpetuation of an

---

[1] Because Plaintiff has applied for in forma pauperis status, his Complaint is also subject to review under 28 U.S.C. § 1915(e)(2)(B).

2

unlawful policy or custom—may a claim brought under § 1983 against that governmental entity survive.

No such unlawful behavior on the part of Pine County or its instrumentalities has been alleged by Plaintiff. Instead, the conduct that is at issue in the pleading is entirely personal to the unnamed persons who are alleged to have violated Plaintiff's constitutional rights. Thus, Plaintiff's claim against Pine County fails.

Plaintiff also raises a claim against an entity he labels as Pine County Ambulance Service. Assuming solely for the sake of argument that Defendant Pine County Ambulance Service is an instrumentality of Pine County itself — and, as explained below, it is unclear from the Complaint that this is true — then Monell would similarly defeat any claims against that entity premised merely upon personal misconduct of employees of that entity. This represents a sufficient, independent basis upon which to dismiss Plaintiff's claim against Pine County Ambulance Service.

It is not entirely clear from the Complaint, however, whether the entity labelled "Pine County Ambulance Service" is, in fact, an instrumentality of Pine County (rather than, for example, a private entity whose name identifies the geographic area in which it operates). If Pine County Ambulance Service is *not* an instrumentality of Pine County, then the analysis is easier still because Pine County Ambulance Service would then be merely a private actor. Private actors generally cannot be found liable under § 1983 absent a showing of joint action with the state or municipal government. See, Johnson v. Outboard Marine Corp., 172 F.3d 531, 536 (8th Cir. 1999). Plaintiff's failure to affirmatively plead that either the Pine County Ambulance Service or, by extension, the John Doe employees of that entity, are state or municipal actors supplies an independent basis upon which the claims against both Pine County Ambulance Service and the John Doe Defendants may be dismissed.

Even if this Court were to assume solely for the sake of arguments that Pine County Ambulance Service was an instrumentality of Pine County and therefore the individual John Does Defendants were state actors, the Court would still conclude that Plaintiff has failed to state a claim upon which relief may be granted against these John Doe Defendants. The Complaint can be reasonably interpreted as raising two claims for relief against the John Doe Defendants. First, Plaintiff alleges that he "was struck by EMS staff with closed fist in my head while being restrained for possible neck injury and then given an unknown drug which caused unconsciousness . . . ." (Compl. [Docket No. 1] at 5–6). This Court construes this in Plaintiff's favor as a claim of excessive force. Second, Plaintiff alleges that the same medical professionals "confiscated [his] mother's remains accusing [him] of possessing cocaine but never pursuing charges or returning said remains." (Id. at 6). This Court construes this in Plaintiff's favor as a claim of deprivation of property without due process of law.[2]

With respect to the excessive force claim: "To establish a constitutional violation under the Fourth Amendment's right to be free from excessive force, the test is whether the amount of force used was objectively reasonable under the particular circumstances." Brown v. City of Golden Valley, 574 F.3d 491, 496 (8th Cir. 2009). Accordingly, to state a viable excessive force claim, a litigant must provide factual allegations regarding both the amount of force used and the particular circumstances in which the force was used, e.g., factual allegations providing the actions or circumstance leading up to the use or force.

---

[2] Each statement can also be interpreted as raising claims pursuant to state law, but the Court lacks jurisdictional authority over these claims, as there is no indication from the pleading that the parties are of diverse citizenship. See, 28 U.S.C. § 1332(a). Should Plaintiff's claims under § 1983 be dismissed, any remaining state law claims must be dismissed as well on jurisdictional grounds. See, Hervey v. County of Koochiching, 527 F.3d 711, 726-27 (8th Cir. 2008).

4

Plaintiff's Complaint does the first, but not the second. Plaintiff adequately describes the use of force at issue (a strike from a closed fist and the use of an unknown drug to cause him to sleep), but Plaintiff alleges in only the most cursory of terms the circumstances in which that force was used. It is therefore impossible to determine from the Complaint, even accepting (as this Court must) every non-conclusory allegation in the Complaint as true and drawing all reasonably inferences in Plaintiff's favor, that the force used against Plaintiff was excessive under the circumstances. The Complaint simply fails to allege the circumstances.

With respect to the due process claim: "Procedural due process constrains government decisions 'which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment.'" Kroupa v. Nielsen, 731 F.3d 813, 818 (8th Cir. 2013) (quoting Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). "Thus, a § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.'" Id.

Plaintiff's Complaint adequately alleges that Plaintiff possessed a legally cognizable interest in the property that was seized from him. The Complaint does not adequately allege, however, that Plaintiff was due further process.

As an initial matter, the Complaint does not establish that the properly was unlawfully seized; indeed, the Complaint implies that the property was seized pursuant to an arrest that is not challenged within the pleading.[3] "'When seizing property for criminal investigatory purposes, compliance with the Fourth Amendment satisfies pre-deprivation procedural due process as well.'" PPS, Inc. v. Faulkner County., Ark., 630 F.3d 1098, 1107 (8th Cir. 2011) (quoting Sanders v. City of San Diego, 93 F.3d 1423, 1429 (9th Cir. 1996)). Put another way, even accepting as true

---

[3] Plaintiff alleges that the charges brought against him following the arrest were dismissed, but nowhere does the pleading suggest that the arrest itself was invalid.

5

Plaintiff's factual allegations regarding his version of the events and drawing all reasonable inferences thereon in Plaintiff's favor, the initial deprivation did not amount to a due process violation.

That the initial seizure satisfied due process does not, by itself, mean that Plaintiff was not entitled to further procedural protections regarding the return of his property following the dismissal of the criminal charges against him. See, e.g., Walters v. Wolf, 660 F.3d 307, 313–15 (8th Cir. 2011). But "[l]iability under § 1983 requires a causal link to, and direct responsibility for, the deprivation of rights." Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990).

Plaintiff plausibly alleges that the John Doe medical personnel were responsible for the initial seizure. However, Plaintiff does not plausibly allege that the John Doe medical personnel named as Defendants to this action are the specific person or persons constitutionally required to offer a post-deprivation remedial scheme. In fact, there are no factual allegations in the Complaint alleging that any Defendant remains in possession of the property. To the extent that Plaintiff can bring a due process claim based on a lack of post-deprivation procedures, he has not named an appropriate defendant against whom such a claim may be raised.[4]

Accordingly, it is recommended that the entirety of this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted.

Therefore, based on the foregoing, and on all of the files, records, and proceedings herein,

**IT IS HEREBY RECOMMENDED THAT**:

1. This matter be **DISMISSED without prejudice** pursuant to 28 U.S.C. § 1915A; and

---

[4] There is an additional, practical concern: Even if Plaintiff had pleaded a claim upon which relief may be granted with respect to the John Doe Defendants, Plaintiff cannot effect service of process, or provide information through which service of process may be effected by officers of the Court, see, 28 U.S.C. § 1915(d), with respect to individuals who cannot be identified.

2.	Plaintiff's application to proceed in forma pauperis, [Docket No. 2], be **DENIED**.

Dated: February 18, 2022						s/Leo I. Brisbois
								Hon. Leo I. Brisbois
								United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).