## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| James Paul Aery, | Case No. 22-cv-0009 (SRN/LIB) |
| Plaintiff, | |
| v. | **ORDER** |
| Pine County Ambulance Service et. at., | |
| Defendants. | |

James Paul Aery, Beltrami County Jail, 626 Minnesota Avenue NW, Bemidji, MN, 56601, Pro Se.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on Plaintiff James Paul Aery's Objection [Doc. No. 4] to United States Magistrate Judge Leo Brisbois' February 18, 2022 Report and Recommendation ("R&R") [Doc. No. 3]. In the R&R, Magistrate Judge Leo Brisbois recommended that Mr. Aery's claims be dismissed without prejudice, and his Application to Proceed in District Court Without Prepaying Fees or Costs [Doc. No. 2] be denied. For the reasons set forth below, the Court overrules Mr. Aery's Objection, adopts the R&R, dismisses the case, and denies his motion as moot.

## I.    BACKGROUND

### A.    Factual Background

Mr. Aery alleges that in October 2020, he called emergency services after tripping in an alley. (Compl. [Doc. No. 1] at 4.) Pine County Ambulance Services (PCAS)

1

responded to his call, and one paramedic allegedly hit Mr. Aery in the face with a closed fist while he was being restrained. (*Id.* at 5.) Mr. Aery then alleges that a paramedic injected him with an unknown substance that made him lose consciousness. (*Id.*)

One of the paramedics then allegedly confiscated a substance from Mr. Aery, believing it was cocaine. (*Id.*) Mr. Aery contends that the substance was his mother's ashes, and he alleges that the ashes have not been returned to him, despite his requests. (*Id.*)

### B.    Procedural Posture

On January 3, 2022, Mr. Aery filed the instant action, alleging various constitutional violations by PCAS, "Unknown EMS-Pine County," and Pine City, MN. (Compl. at 1.)

The magistrate judge screened Mr. Aery's claims under 28 U.S.C. § 1915A. (R&R [Doc. No. 3].)  Under that screening process, he found that Mr. Aery's complaint failed to state a claim upon which relief could be granted, and thus recommended dismissing the case without prejudice. (R&R at 4–7.)

On March 2, 2022, Mr. Aery filed an objection to the magistrate judge's R&R. (Objection to R&R ("Objection") [Doc. No. 4].) Mr. Aery objects to the R&R on several grounds. First, Mr. Aery states that he never alleged that he was arrested during the altercation with the paramedics, and thus their actions were not taken pursuant to an arrest. (*Id.* at 1.) Second, he takes exception with the magistrate judge's discussion of whether the paramedics were state actors. Third, he contends that he sufficiently pled excessive force. (*Id.*) Finally, Mr. Aery suggests that this one occurrence of particularly cruel treatment is enough to infer the existence of an unconstitutional custom or practice by Pine City. (Obj. at 1–2.)

2

## II.   STANDARD OF REVIEW

The district court reviews *de novo* those portions of the R&R to which a specific objection is made and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *accord* D. Minn. L.R. 72.2(b).

As the magistrate judge noted, Mr. Aery is currently incarcerated and therefore, his complaint is subject to screening under 28 U.S.C. § 1915A. Therefore, the Court is empowered to dismiss his complaint or any portion of his complaint that is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A. In doing so, the Court is mindful that Mr. Aery proceeds pro se, and will liberally construe his pleadings. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004) ("Though pro se complaints are to be construed liberally . . . they still must allege sufficient facts to support the claims advanced.") (citing cases).

## III.   DISCUSSION

### A.   Liability of PCAS

As the magistrate judge notes, Mr. Aery has failed to plead whether PCAS is an instrumentality of Pine County, or whether it is a private entity. "[P]rivate actors may incur section 1983 liability only if they are willing participants in a joint action with public servants acting under color of state law." *Sanders v. City of Minneapolis, Minnesota*, 474 F.3d 523, 527 (8th Cir. 2007) (citing *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 536 (8th Cir. 1999)). Mr. Aery does not allege that PCAS is a public entity in his complaint, and courts have consistently found that ambulance services are not traditionally public

functions. *See, e.g., Grogan v. Blooming Grove Volunteer Ambulance Corps.*, 768 F.3d 259, 264–65 (2d Cir. 2014); *Anderson v. St. Luke's Hosp.*, 19-cv-106 (MJD/LIB), 2019 WL 7882118, at *24 (D. Minn. Nov. 19, 2019), *R&R adopted*, 2020 WL 256176 (D. Minn. Jan. 17, 2020). As the magistrate judge noted, if PCAS is a private entity, the claims against PCAS and its employees must be dismissed, as they are not state actors for purposes of Mr. Aery's § 1983 claims.

If the Court assumes PCAS is a public entity, it is still an improper defendant. Municipal entities such as police departments and paramedic services cannot sue or be sued. *See Fragola v. City of St. Paul*, No. 10-cv-4718 (ADM/TNL), 2012 WL 28120, at *7 (D. Minn. Jan. 5, 2012); *see also*, *Ketchum v. City of W. Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (finding the police department and paramedic services "not juridical entities suable as such"). Accordingly, whether or not PCAS is a public entity, it cannot be sued, and is not a proper defendant, and Mr. Aery's claims against it must be dismissed.

### B.    Liability of Pine City

As the magistrate judge noted, for Mr. Aery to sustain a claim against Pine City pursuant to § 1983, he must show that the City violated his rights through an official policy, ordinance, regulation, or custom. *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978). In other words, he must allege that the paramedics' unlawful actions were pursuant to an unconstitutional policy or custom promulgated by Pine City. *See Holmes v. City of St. Paul, Minnesota*, No. 20-cv-1313 (SRN/DTS), 2020 WL 5088684, at *3 (D. Minn. Aug. 28, 2020) (dismissing claims against the City of St. Paul when there were not sufficient facts pled to implicate an unconstitutional policy or custom). This is

because a municipality bears responsibility only for its own torts, not the torts of its employees. *Soltesz v. Rushmore Plaza Civic Ctr.*, 847 F.3d 941, 947 (8th Cir. 2017).

In his Objection, Mr. Aery argues that the "outright" and "obvious nature" of the conduct is sufficient evidence that the paramedics were acting in accordance with an unconstitutional custom or policy. (Obj. at 1–2.) However in this context, such proof "requires three elements be established: (1) the existence of a continuing, widespread, persistent pattern of unconstitutional conduct by the government entity's employees; (2) deliberate indifference to or tacit authorization of such conduct by the governmental entity's policymaking officials after notice of that misconduct; and (3) proof that the custom was the moving force behind the violation." *Fragola*, 2012 WL 28120, at *6 (citing *Ware v. Jackson Cnty.*, 150 F.3d 873, 880 (8th Cir. 1998)). Mr. Aery has failed to plausibly allege any of the elements of his claim. Moreover, "[l]iability for an unconstitutional custom or usage, however, cannot arise from a single act." *Crawford v. Van Buren County, Ark.*, 678 F.3d 666, 669 (8th Cir. 2012) (citation omitted). As the paramedic's treatment of Mr. Aery comprised a single act, he has also failed to plausibly plead *Monell* liability. Accordingly, his § 1983 claims against the Pine City also fail, and his Objection to the R&R in this regard is overruled.

### C.   Liability of Paramedics

#### 1.   Alleged Excessive Force

Mr. Aery contends that he adequately plead excessive force in his complaint. Whether a state actor's use of force "is excessive is a question of whether 'the amount of force used was objectively reasonable under the particular circumstances.'" *Carter v.*

*Huterson*, 831 F.3d 1104, 1109 (8th Cir. 2016) (citing *Small v. McCrystal*, 708 F.3d 997, 1005 (8th Cir. 2013)). The proper application of the Fourth Amendment "requires careful attention to the facts and circumstances of each particular case." *Wilwal v. Nielsen*, 346 F. Supp. 3d 1290, 1305 (D. Minn. 2018) (citing *Graham v. Connor*, 490 U.S. 386, 396 (1989)).

The magistrate judge is correct that, even assuming the paramedics are state actors, Mr. Aery failed to plead sufficient facts to plausibly allege excessive force. *Ward v. Minnesota Dept. of Human Services*, No. 21-cv-2504 (DSD/TNL), 2022 WL 447230, at *2 (D. Minn. Jan. 5, 2022), *R&R adopted*, 2022 WL 445875 (D. Minn. Feb. 14, 2022) (dismissing a complaint where the litigant did not include "sufficient factual allegations to establish that the force was unreasonable under the circumstances"). Mr. Aery plausibly alleges that a paramedic struck him with a closed fist, but does not allege sufficient facts regarding the circumstances of the paramedics' use of force, and  "[n]ot every push or shove, . . . violates the Fourth Amendment." *Cook v. City of Bella Villa*, 582 F.3d 840, 849 (8th Cir. 2009). Thus, Mr. Aery does not plausibly allege that the paramedics' use of force was unreasonable "under the particular circumstances." *Carter*, 831 F.3d at 1109.

Further, with respect to Mr. Aery's allegation that he was injected with a medication without his consent, again he fails to plead sufficient facts to plausibly allege a constitutional violation. *Buckley v. Hennepin Cnty.*, 9 F.4th 757, 762 (8th Cir. 2021) (affirming judgment on the pleadings dismissing complaint after finding no constitutional violation when a woman was restrained by paramedics and injected with ketamine without

her consent). Thus, even assuming all factual allegations as true, Mr. Aery fails to state a claim for which relief can be granted, and his claims must be dismissed.

### 2.    Alleged Due Process Violation

As the magistrate judge noted, Plaintiff's complaint adequately alleges a legally cognizable interest in the property seized from him. However, it fails to plausibly allege that the seizure was unlawful.

"[P]rocedural due process imposes constraints on government decisions which deprive individuals of 'liberty' or 'property' interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." *Walters v. Wolf*, 660 F.3d 307, 311 (8th Cir. 2011) (quoting Mathews v. Eldridge, 424 U.S. 319, 332 (1976)). "Thus, a § 1983 procedural due process claim turns on (1) whether the state actor's decision impacted a protected liberty or property interest, and if so, (2) what process was constitutionally 'due.'" *Kroupa v. Nielsen*, 731 F.3d 813, 818 (8th Cir. 2013). Additionally, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984); *See Hubenthal v. County of Winona*, 751 F.2d 243, 246 (8th Cir. 1984) (per curiam) (dismissing plaintiff's due process claim because Minn. Stat. § 466.02 provided him with an adequate post-deprivation remedy for alleged loss of property); *ERA Venture Capital, Inc. v. Lokke*, No. 18-cv-1969 (ADM/BRT), 2019 WL 1102722, at *4 (D. Minn. Mar. 8, 2019) (dismissing plaintiff's due process claim because

plaintiff alleged a random and unauthorized act, and did not allege that postdeprivation state remedies were inadequate).

Mr. Aery argues in his reply that his mother's ashes were not taken pursuant to an arrest, and thus the magistrate judge's analysis of whether he has adequately pled an unlawful seizure is flawed. (Obj. at 1.) However, the court must focus on the adequacy of the facts as pled, not additional facts described in Mr. Aery's reply brief. Although the Court construes Mr. Aery's pro se complaint liberally, the complaint "must allege sufficient facts to support the claims advanced." *Stringer v. St. James R–1 Sch. Dist.*, 446 F.3d 799, 802 (8th Cir. 2006) (quotation omitted). Without sufficient detail, the Court cannot determine what "process [is] constitutionally 'due.'" *Kroupa v. Nielsen*, 731 F.3d 813, 818. Thus, Mr. Aery has failed to plead sufficient facts to plausibly allege his property was taken without due process of law.

Further, as the magistrate judge noted, Mr. Aery may have been entitled to further procedural protections regarding the return of his property. *See, Walters v. Wolf*, 660 F.3d 307, 313–15 (8th Cir. 2011). However, in order to adequately plead such a claim, Mr. Aery must plausibly allege that the paramedics were responsible for providing any postdeprivation remedy. (Compl. at 4.) He does not, however, allege that the paramedics remained in control of his property, and thus has failed to plausibly allege that the paramedics are the proper defendants against whom his claim may be raised.

Accordingly, this action is dismissed without prejudice, pursuant to 28 U.S.C. § 1915A for failure to state a claim on which relief may be granted.

**IV.    CONCLUSION**

Based on the submissions and the entire file and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Objection to the Report and Recommendation [Doc. No. 4] is **OVERRULED**;

2. The Report and Recommendation [Doc. No. 3] is **ADOPTED**;

3. Plaintiff's Complaint [Doc. No. 1] is **DISMISSED without prejudice**;

4. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, [Doc. No. 2] is **DENIED as moot**.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: April 13, 2022                                s/Susan Richard Nelson
                                                                    SUSAN RICHARD NELSON
                                                                    United States District Judge